**In re Ahmed J. AWAN, Petitioner.**

No. 14–2848.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
July 24, 2014.

Opinion filed: Aug. 6, 2014.

Ahmed J. Awan, Fort Dix, NJ, pro se.

Before: SMITH, HARDIMAN and
KRAUSE, Circuit Judges.

OPINION

PER CURIAM.

Ahmed J. Awan petitions this Court for
a writ of mandamus directing the United
States District Court for the District of
New Jersey to rule on his motions for
reconsideration. For the reasons that fol-
low, we will deny Awan's mandamus peti-
tion.

In January 2014, Awan filed in the Dis-
trict Court a complaint pursuant to *Bivens
v. Six Unknown Agents of Federal Bureau
of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999,
29 L.Ed.2d 619 (1971). Concluding that
Awan had not paid the filing fee or submit-
ted a complete application to proceed *in
forma pauperis,* the District Court entered

an order on February 7, 2014, administra-
tively terminating the action.[1] However,
the District Court granted Awan an oppor-
tunity reopen the action by either paying
the filing fee or submitting a complete *in
forma pauperis* application. On February
21, 2014, Awan filed another application to
proceed *in forma pauperis.* By order en-
tered on April 4, 2014, the District Court
denied Awan's *in forma pauperis* applica-
tion because he again failed to include a
certified six-month prison account state-
ment. However, the Court granted Awan
another opportunity to reopen the action
within thirty days of entry of its order if
he filed the appropriate documentation.

Awan subsequently filed a notice of ap-
peal seeking review in this Court of the
District Court's April 4, 2104 order. Al-
though that appeal remains pending, he
has petitioned this Court for a writ of
mandamus directing the District Court to
rule on two outstanding motions for recon-
sideration that he submitted to the District
Court, both of which sought review of the
District Court's earlier February 7, 2014
order.[2]

A writ of mandamus is a drastic remedy
available only in extraordinary circum-
stances. *See In re Diet Drugs Prods.
Liab. Litig.,* 418 F.3d 372, 378 (3d Cir.
2005). A petitioner seeking the writ "must
have no other adequate means to obtain
the desired relief, and must show that the
right to issuance is clear and indisputable."
*Madden v. Myers,* 102 F.3d 74, 79 (3d
Cir.1996). Notably, mandamus is not a
substitute for an appeal; if a petitioner can
obtain relief by an ordinary appeal, a court

---

1. The District Court specifically noted that the
*in forma pauperis* application that Awan sub-
mitted with his complaint was incomplete be-
cause it did not include a *certified* copy of his
prisoner account statement.

2. Awan acknowledges that only one of those
motions was filed in the District Court and
that it was entered on the docket as merely a
"letter" from Awan to the Court. Awan
claims that the District Court entirely failed to
docket his other motion for reconsideration.

will not issue the writ. *See Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir.1996).

Awan has not demonstrated extraordinary circumstances justifying mandamus relief. Any errors the District Court allegedly made concerning the denial of his application to proceed *in forma pauperis* are properly the subject of the appeal which is currently pending before this Court. Accordingly, the petition for a writ of mandamus is denied.